UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

STEVEN M. CRUICKSHANK,

        Plaintiff,

v.

JAMES MCLEOD,

        Defendant.
_____/

Case No. 2:20-cv-33

Honorable Janet T. Neff

## OPINION

This is a civil rights action brought by a person detained in the Chippewa County Jail under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

### I. Factual allegations

Plaintiff Steven M. Cruickshank is presently detained at the Chippewa County Jail, where he is apparently awaiting trial on charges related to the possession or manufacture of methamphetamine. Plaintiff sues Trident Task Force Detective James McLeod.

Plaintiff alleges that Defendant "procured a[n] affidavit & search warrant on nothing more than mere suspicion." (Compl., ECF No. 1, PageID.3.) The complaint contains few facts, but it asserts that Defendant violated Plaintiff's Fourth Amendment rights.

Documents Plaintiff attached to the complaint provide further background. Defendant sought a search warrant to search a residence, garage, vehicle, persons, and personal property for evidence of the manufacture or sale of methamphetamines. He is an FBI Task Force Agent and Sault Tribe Police Officer who is sworn in with multiple county sheriffs' departments. He is further assigned to the Trident Drug Task Force to investigate crimes involving methamphetamine and other controlled substances. Defendant asserted that lithium batteries, cold packs, lye, and pseudoephedrine are all used in the production of methamphetamine.

On February 13, 2020, Defendant submitted an affidavit supporting issue of a search warrant. Defendant stated that Plaintiff had purchased medication with pseudoephedrine five times in a two-month period from late November 2019 to late January 2020. Each time Plaintiff had purchased one box of medication containing 20 doses, which totaled 2.4 grams of pseudoephedrine in each box. Defendant identified that, during the same period, individuals associated with Plaintiff purchased six additional similar boxes of medication containing pseudoephedrine.

Defendant asserted that his surveillance of Plaintiff revealed that Plaintiff and associates engaged in further activity consistent with methamphetamine manufacture. Plaintiff and his associates picked up a passenger who was taken to a pharmacy where she purchased pseudoephedrine before she was then dropped back off where she had been picked up. Plaintiff returned to the same pharmacy to purchase lithium batteries shortly after dropping the passenger off. On another evening approximately two weeks later, Plaintiff and associates were seen driving

to Walgreens Pharmacy where one associate entered and purchased lithium batteries. Plaintiff and associates then drove directly to Rite Aid pharmacy where Plaintiff entered and purchased cold packs. A trash pull related to the residence found mail addressed to Plaintiff, an empty bottle of lye, empty cold packs, empty pseudoephedrine blister packs consistent with purchases Plaintiff and his associates had made, an empty box that had previously held lithium batteries, and coffee filters that did have apparent coffee staining. On the basis of the affidavit, a judge issued the search warrant that Defendant had sought.

Plaintiff seeks $1.5 million in monetary damages and $100,000 in punitive damages.

## II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not

3

'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff's claim fails at the first step because he has not alleged a violation of his constitutional rights. He has not identified anything improper about Defendant's submission of an affidavit in support of a search warrant. Plaintiff merely alleges that the affidavit, and thus the search warrant, was not supported by probable cause but backed only by suspicion. However, Plaintiff's assertion is wholly conclusory. Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983. *See Iqbal*, 556 U.S. at 678-79; *Twombly*, 550 U.S. at 555. Further, Plaintiff's assertions that Defendant relied on mere speculation are contradicted by documents Plaintiff attaches to his complaint. Defendant provided a number of reasons in his affidavit that he believed demonstrated probable cause existed to justify a search warrant. In short, Plaintiff has not alleged any deceitful or improper conduct by Defendant that would state a claim under § 1983. Accordingly, the Court will dismiss Plaintiff's complaint.

**Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). The Court does not certify that an appeal would not be in good faith.

Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.

Dated: April 7, 2020  /s/ Janet T. Neff
Janet T. Neff
United States District Judge